IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. FOSTER,                              Civ. No. 08-133-HO

       Plaintiff,                           ORDER

  v.

Commissioner of Social Security,

       Defendant.

    Plaintiff filed this action for review of the decision of the Commissioner denying his applications for benefits under Titles II and XVI of the Social Security Act. For the reasons explained below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

## Discussion

    The administrative law judge's failure to discuss plaintiff's bursitis by name is a harmless error at most. The ALJ discussed the treatment record and cited plaintiff's hearing testimony regarding plaintiff's shoulders. (Tr. 17-18). The ALJ

assessed functional limitations due to plaintiff's shoulder problems. (Tr. 18). The ALJ properly found plaintiff's statements concerning his symptoms to be less than fully credible. (Tr. 19). Plaintiff does not challenge this finding or point to other evidence of greater limitations attributable to bursitis.

Substantial evidence supports the ALJ's determination that plaintiff's depression is not a severe impairment. (Tr. 212). Plaintiff does not demonstrate that portions of the record he cites for the proposition that he suffers from insomnia (Tr. 232, 245, 272, 278) are provided by acceptable medical sources. 20 C.F.R. §§ 404.1513, 416.913. The ALJ did not err by failing to conclude that plaintiff suffers from insomnia.

Plaintiff does not specify functional limitations attributable to depression and insomnia. Plaintiff does not demonstrate that the record is insufficient to permit the ALJ to determine the issue of disability.

In the absence of credible evidence that plaintiff cannot perform work-related activities 8 hours a day for five days a week, or an equivalent work schedule, the ALJ's failure to specifically recite that residual functional capacity is an assessment of an individual's ability to do such activities in a work setting on such a schedule does not warrant reversal. Cf. Reddick v. Chater, 157 F.3d 715 724-25 (9th Cir. 1998) (ALJ's

2 - ORDER

finding of RFC not supported by substantial evidence where ALJ failed to account for effects of fatigue on claimant alleging chronic fatigue syndrome). The ALJ cited to authorities that define RFC as "the most you can still do despite your limitations[,]" and "an assessment of . . . ability to do sustained work-related . . . activities in a work setting on a regular and continuing bases[,]" that is, "8 hours a day, for 5 days a week, or an equivalent work schedule." (Tr. 16) (citing to 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.913(e); Social Security Ruling 96-8p).

    The ALJ properly relied on the information provided by plaintiff and the vocational expert in determining the requirements of plaintiff's past work as a courtesy clerk, as actually performed. (Tr. 131, 443-45). Plaintiff raises a potentially meritorious argument that this part-time work is not "past relevant work" because it was not performed as "substantial gainful activity." (Tr. 21, 78, 80, 129, 131). 20 C.F.R. §§ 404.1560(b)(1); 416.960(b)(1). The ALJ did not explain the basis
///


///


///


3 - ORDER

for the finding that the courtesy clerk position is past relevant work.

The court cannot conclude that the decision is supported by substantial evidence and free of harmless error at step four of the sequential evaluation.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Appeals Council for remand to the ALJ for a new decision based on the five step sequential evaluation. If appropriate, the ALJ shall set forth the basis for his finding that the courtesy clerk position is past relevant work, or proceed to step five of the sequential evaluation.

SO ORDERED.

DATED this __4th__ day of April, 2009.

                                                  s/ Michael R. Hogan
                                           United States District Judge